# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CHESTER THIRKIELD, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:08-CR-0086-JEC-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:10-CV-2679-JEC-RGV |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days after being served with a copy of it. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appeal of factual findings will be limited

to a review for plain error or manifest injustice. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 29th day of February, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CHESTER THIRKIELD, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:08-CR-0086-JEC-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:10-CV-2679-JEC-RGV |

## **FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Chester Thirkield's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 90]. Following evidentiary hearings on August 18, 2011, and February 1, 2012, and having considered the motion, the evidence presented, and the parties' post hearing-briefs, the undersigned finds that this action is time barred, and Thirkield is not entitled to equitable tolling. In light of this finding, the undersigned does not address the merits of Thirkield's ineffective assistance of counsel claim, and **RECOMMENDS** that the motion to vacate be **DENIED**.

## **I. PROCEDURAL HISTORY**

A federal grand jury returned an indictment charging Thirkield with conspiracy to possess with the intent to distribute at least five kilograms of cocaine, in violation

of 21 U.S.C. §§ 841(a)(1)-(b)(1)(A)(ii) and 846. [Doc. 1]. On June 2, 2008, Thirkield entered a negotiated guilty plea. [Doc. 41]. As part of his plea agreement, Thirkield waived his right to appeal in all but two limited circumstances: (1) if his sentence exceeded the applicable sentencing guideline range; or (2) the government appealed. [Id., plea agreement ¶ 11]. On January 6, 2009, the district court entered judgment sentencing Thirkield to 240 months of imprisonment with credit for time served. [Doc. 60]. Thirkield did not appeal.

Thirkield, proceeding pro se, filed this § 2255 motion on August 20, 2010.[1] [Doc. 90 at 6]. Thirkield asserts that his trial counsel, L. David Wolfe ("Wolfe"), was ineffective for failing to follow Thirkield's specific instructions to file a notice of appeal. [Id. at 4; Doc. 90-1]. Thirkield contends that his § 2255 motion is timely because he did not discover that Wolfe had failed to file an appeal as promised until late July 2010, when his family members called both the district court and the Eleventh Circuit. [Doc. 90-1 at 2]. In its response, the government agreed that an evidentiary hearing was necessary to determine whether Wolfe consulted with Thirkield regarding

---

[1] Pursuant to the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing. Rules Governing § 2255 Proceedings, Rule 3(d), 28 U.S.C. foll. § 2255; see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the Court assumes that the motion was delivered to prison authorities on the day the prisoner signed it. Washington, 243 F.3d at 1301.

2

an appeal. [Doc. 92]. The undersigned determined that an evidentiary hearing was further required to address whether Thirkield acted with "reasonable diligence" in discovering the basis for his claim. [Doc. 94 at 4].

On August 18, 2011, the undersigned conducted an evidentiary hearing to determine whether Thirkield acted with "reasonable diligence" in discovering that Wolfe had not filed a notice of appeal and, if so, whether Wolfe's failure was objectively unreasonable.[2] [Doc. 103]. After the evidentiary hearing, the government moved to supplement the hearing record with a September 14, 2009, letter Wolfe's office sent to Thirkield. [Doc. 106]. Wolfe located the letter after the evidentiary hearing and provided a copy to the Court, the government, and Thirkield's counsel. During a supplemental evidentiary hearing conducted on February 1, 2012, the Court granted the motion and admitted the letter into evidence, and Thirkield stipulated that he received the letter on or about September 16, 2009. [Doc. 118 at 3-6].

## II. STATEMENT OF FACTS

Wolfe testified that, within ten days of sentencing, Thirkield called him and said that he wanted to appeal. [Doc. 103 at 6]. Wolfe then visited Thirkield at the jail. [Id.]. Thirkield was disappointed that he was sentenced to twenty years of imprisonment, even though that was the mandatory minimum sentence. [Id.]. Wolfe

---

[2] The Court appointed counsel to represent Thirkield at the hearing. [Doc. 93].

explained to Thirkield that, in light of his guilty plea and appeal waiver, there was "nothing to appeal," and Wolfe did not believe "that there was any benefit that could possibly come of [an appeal]." [Id. at 7-8]. Wolfe advised Thirkield that an appeal could take up to a year and a half to be resolved. [Id. at 10]. Wolfe assumed that, after this consultation, Thirkield no longer wanted to appeal, but Thirkield never expressly confirmed that assumption. [Id. at 8-9]. However, Wolfe also testified that after their meeting, Thirkield never asked, "Did you appeal, are we going to appeal, why didn't you appeal?" [Id. at 9].

On cross examination, Wolfe testified that Thirkield understood that there were no appealable issues, and following their conversation at the jail, Thirkield did not state that he still wanted to file an appeal. [Id. at 12-13]. Although Wolfe could not recall the specific date of this conversation with Thirkield, he does know that it was within ten days following sentencing. [Id. at 13-14, 16-17]. Wolfe did not remember either Thirkield or any family members contacting him about the status of an appeal between early January of 2009, when he met with Thirkield at the jail, and August of 2010, when Thirkield filed this § 2255 motion. [Id. at 17-19]. Wolfe did not check his file before the hearing for any correspondence or notes concerning anything that might have happened after his appeal consultation with Thirkield, but would have

4

remembered having a direct conversation with Thirkfield about the status of an appeal. [Id. at 18].

Wolfe further testified that it was his practice to provide copies of any pleadings that he files to his clients and that he followed that practice with Thirkield. [Id. at 24-25]. If Wolfe files a notice of appeal, he likewise provides a copy of that document to his client. [Id. at 25]. Wolfe did not provide Thirkield a copy of a notice of appeal in this case because he did not file one. [Id. at 26].

After the evidentiary hearing, Wolfe contacted the government concerning his "belated discovery of correspondence between [his] office and [Thirkield]." [Doc. 106 at 3-4]. Wolfe provided the government and counsel for Thirkield a copy of a letter Ashley Masset of Wolfe's office wrote to Thirkield, which is dated September 14, 2009, and states, in pertinent part:

> Please accept this letter as a reply to your letter dated August 25, 2009. Our office has not filed an appeal in your case. As a result of the plea deal you accepted, the Government did not seek a second enhancement and you waived your right to appeal the conviction and sentence and the right to collaterally attack your sentence in any post-conviction proceeding. Due to your two prior drug-related convictions, the mandatory minimum sentence was 240 months, which is the sentence you received.
>
> Unfortunately, due to statements made to the Government by people related to this offense, the options available to you in the defense of this case were severely limited. As a result, we believe that by

AO 72A
(Rev.8/82)

> pleading guilty and avoiding successive enhancements you received the best possible outcome given the circumstances in your case.
>
> I am enclosing your case file, per your request.

[Doc. 106-1]. Thirkield does not deny that he wrote to his attorney in August of 2009.[3] [Doc. 109 at 2]. During the February 1, 2012, supplemental evidentiary hearing, Thirkield stipulated that he received Ms. Masset's letter on or about September 16, 2009. [Doc. 118 at 6]. Ms. Masset testified that she wrote the letter after consulting with Wolfe. [Id. at 7].

## III. DISCUSSION

Thirkield argues that this Court cannot address the timeliness of his motion because the government waived the issue by not raising it in its initial response. [Doc. 104 at 2-3]. However, a district court may sua sponte dismiss a habeas action as untimely after affording the parties fair notice. See Day v. McDonough, 547 U.S. 198, 209-11 (2006) (affirming district court's sua sponte dismissal of state prisoner's habeas petition as untimely where the magistrate judge gave petitioner "due notice and a fair opportunity to show why the limitation period should not yield dismissal of the petition[,] . . . nothing in the record suggests that the State 'strategically' withheld the defense or chose to relinquish it[, and] . . . there was merely an inadvertent error").

---

[3] Wolfe did not locate the letter from Thirkield.

6

Here, the Court raised the timeliness issue in the Order scheduling the evidentiary hearing, and the parties were afforded an opportunity to address the timeliness issue during the evidentiary hearing and in their post-hearing briefs. Although Thirkield states that the government "made a substantive legal decision not to argue that [the motion] was untimely," [see Doc. 104 at 3], the government, upon realizing that it had not previously raised the issue, filed an amended response before the hearing asserting that the motion was untimely, [see Doc. 100 at 3, 5-11]. Accordingly, the undersigned will address the issue. See Boston v. Weber, 525 F.3d 622, 627 (8th Cir. 2008) (concluding that district court did not abuse its discretion in finding "that the State did not intelligently choose to waive the AEDPA statute of limitations defense" where the State immediately argued that the petition was untimely after the district court raised the issue sua sponte); Jackson v. United States, No. 8:10–cv–2000–T–27TBM, 2011 WL 4005291, at *2 (M.D. Fla. Sept. 8, 2011) ("This court considers the timeliness of Petitioner's [§ 2255] motion even though the Government did not plead the statute of limitation as an affirmative defense.").

A § 2255 motion is subject to a statutory one-year limitation period, which runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

7

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, there is no claim that the circumstances set forth in subparagraphs two through three of § 2255(f) apply. Further, it is undisputed that the instant motion to vacate was not filed within one year from the date movant's conviction became final. Rather, Thirkield relies on § 2255(f)(4) to argue that the instant motion is timely because he filed it within a month of discovering the factual basis for his claim. [Doc. 90-1 at 2].

A § 2255 motion based on counsel's failure to file a requested direct appeal is considered timely under § 2255(f)(4) if the movant files within one year of the date he could have discovered, through the exercise of due diligence, that no appeal had been filed. Aron v. United States, 291 F.3d 708, 711 (11th Cir. 2002).

> In determining whether a motion is timely under § 2255(4), a district court must first consider whether the petitioner exercised due diligence in discovering the facts underlying his claim. Due diligence does not require a litigant to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts to discover

8

> the facts underlying each claim. If the court finds that a petitioner was not diligent in his efforts, it must proceed to consider when the petitioner could have discovered the facts essential to his claim had he been acting diligently. So long as the petition is filed within one year of the date on which the facts could have been discovered with reasonable diligence, the petition will be timely.

Tucker v. United States, 249 F. App'x 763, 764 (11th Cir. 2007) (citing Aron, 291 F.3d at 711-12).

Following the post-sentencing meeting at which Wolfe told Thirkield that there was "nothing to appeal," and there was no "benefit that could possibly come of [an appeal]," [Doc. 103 at 7-8], Thirkield waited approximately seven months, until August 25, 2009, to contact Wolfe and ask whether he had filed an appeal. [See Doc. 103 at 16-17; Doc. 106-1]. On or about September 16, 2009, Thirkield received the letter from Wolfe's office informing him that no appeal had been filed. [Doc.118 at 6]. These uncontested facts contradict Thirkield's claim in his memorandum in support of his § 2255 motion that he did not discover Wolfe's failure to file a direct appeal until late July 2010, when his family members called both the district court and the Eleventh Circuit, and demonstrate that he did not exercise due diligence in discovering the facts underlying his claim. [Doc. 90-1 at 2].

The undersigned finds that a reasonably diligent person in Thirkield's position would have discovered that there was no pending appeal more than one year before

9

Thirkield's § 2255 motion was filed. Within ten days after his sentencing, Wolfe told Thirkield that there was nothing to appeal and no benefit could possibly come from filing an appeal, and Wolfe testified that Thirkield understood that there were no appealable issues, and following their conversation at the jail, Thirkield did not state that he still wanted to file an appeal. [Id. at 12-13]. Wolfe further testified that while representing Thirkield, he followed his practice of providing his client a copy of all pleadings filed in their case, including a copy of a notice of appeal if one is filed, and he did not send Thirkield a copy of a notice of appeal because he did not file one. [Doc. 103 at 24-26].

Thus, within a matter of two to three weeks after his sentencing, a reasonably diligent person in Thirkield's position would have understood from the meeting with Wolfe and his failure to receive a copy of a notice of appeal that further inquiry was necessary to discover whether an appeal had been filed. However, Thirkield waited seven months to contact Wolfe and ask whether he had filed an appeal. Once Thirkield wrote to Wolfe on August 25, 2009, he received a response in less than a month informing him that an appeal had not been filed, yet Thirkield waited another eleven months after receiving Wolfe's letter before filing his § 2255 motion in August of 2010, and then claimed in his supporting memorandum that he had not discovered Wolfe's failure to file an appeal until July 2010. [Doc. 90-1 at 2]. Thirkield's course

of conduct is not consistent with the exercise of due diligence. Nothing prevented Thirkield from writing to Wolfe sooner than seven months after their post-sentencing meeting to inquire whether an appeal had been filed. Likewise, Thirkield could have contacted the district court or the Eleventh Circuit, or asked family members to do so, well before July 2010, and he would have discovered that no appeal had been filed. Because he could have discovered, through the exercise of due diligence, more than one year before he filed his § 2255 motion that no appeal had been filed by Wolfe, Thirkield's § 2255 motion is not timely under § 2255(f)(4). Tucker, 249 F. App'x at 766.

Thirkield also argues that he is entitled to equitable tolling of the one-year limitations period. [Doc. 104 at 3-4]. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam). "A petitioner is not entitled to equitable tolling based on a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both." Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland v. Florida, 130 S. Ct. 2549, 2565 (2010) (internal citations omitted). A defendant's "efforts to learn the disposition of

11

AO 72A
(Rev.8/82)

pre-federal habeas steps are crucial to determining whether equitable tolling is appropriate." San Martin v. McNeil, 633 F.3d 1257, 1269-70 (11th Cir. 2011) (finding that defendant was not reasonably diligent where he failed to contact the court to seek information about his case and then further delayed filing his motion even after he acquired the relevant information), cert. denied, 132 S. Ct. 158 (2011).

The undersigned finds that Thirkield is not entitled to equitable tolling because he failed to exercise due diligence in discovering that Wolfe had not filed a direct appeal. Thirkield waited approximately seven months to write to Wolfe after being told there was nothing to appeal and no benefit would come from filing an appeal. Once Thirkield discovered that Wolfe had not filed an appeal, he waited another eleven months before filing his § 2255 motion. As such, Thirkield has not shown that he acted with "reasonable diligence" or that he filed this action within a year of the date he could have discovered, through the exercise of due diligence, that no appeal had been filed. See United States v. Arcoren, 633 F. Supp. 2d 752, 761 (D.S.D. 2009) (finding that defendant was not entitled to equitable tolling because he failed "to use reasonable and diligent efforts to discover whether counsel had filed an appeal" by making an "inquiry through the public court dockets"). Accordingly, the undersigned recommends that this action be dismissed as untimely.

AO 72A
(Rev.8/82)

## IV. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the dismissal of Thirkield's § 2255 motion as time barred is not debatable by jurists of reason, the undersigned recommends that he be denied a COA.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 90], and a COA be **DENIED**.

13

The Clerk is **DIRECTED** to terminate the referral to the assigned Magistrate Judge.

**SO RECOMMENDED**, this 29th day of February, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)